Oliver Morrow, Appellee, v. A. J. Duggan, Administrator, Appellant.
Rebecca Morrow, Appellee, v. A. J. Duggan, Administrator,
Appellant.

1. ADMINISTRATION OF ESTATES—*allowance of claims.* On a claim for material and labor used in constructing buildings on a farm, where there is a set-off for rent, an instruction to the effect that proof that plaintiff used and occupied the farm cast upon him the burden of showing payment for such use and occupation, and that the law does not require him to show payment by direct evidence, but that it is sufficient if the jury believe from the evidence, facts and circumstances that such payment was made, is not erroneous where there is testimony that rent was paid.

2. ADMINISTRATION OF ESTATES—*claims.* In an action on a claim for boarding and nursing deceased, the question whether plaintiff was a member of the family is one of fact.

3. ADMINISTRATION OF ESTATES—*claims for services.* In an action on a claim for boarding and nursing deceased, an instruction given for plaintiff which imperfectly defines a family relation as that state or condition of affairs which makes it the moral duty of the person performing such services to perform the same without compensation, is not reversible error where a second instruction given for defendant supplements it so that the jury are fully and fairly instructed on the question.

4. APPEALS AND ERRORS—*waiver of errors.* Where errors are not raised either by assignment of error or in argument, they are waived.

Appeal from the Circuit Court of Macoupin county; the HON. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed as modified on remittitur. Opinion filed October 15, 1912.

J. B. VAUGHN, VICTOR HEMPHILL and H. T. SCHU-MACHER, for appellant.

EDW. C. KNOTTS and PEEBLES & PEEBLES, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Oliver Morrow and Rebecca Morrow, each filed a claim in the County Court of Macoupin County, against the estate of James W. Lumsden, deceased. The claim of Oliver Morrow is for $2,000, for materials furnished and work and labor performed in the construction of buildings, sheds and fences on the farm of the deceased during five years prior to the death of Lumsden. The claim of Rebecca Morrow is for $3,040, board of the deceased, washing, sewing and nursing during the last five years of his life. Oliver Morrow is the administrator of the deceased. Upon the filing of these claims the court appointed A. J. Duggan, administrator to defend. The claims were allowed in the county court and both claims were appealed to the circuit court by the administrator to defend.

By agreement of the parties, the two claims were

tried together by a jury in the circuit court. Verdicts were returned finding in favor of Oliver Morrow for the sum of $775, and in favor of Rebecca Morrow for the sum of $2,375. Motions for new trials were overruled and judgments rendered on the verdicts in favor of the respective claimants. The administrator to defend appeals and contends as to the claim of Rebecca Morrow (1) that the services rendered by her were rendered by her as a member of the family of the deceased; (2) that the judgment in her favor is excessive, and (3) that there was error in the first instruction given at her request. As to the judgment in favor of Oliver Morrow, appellant contends (1) that it was paid by rent due from claimant to deceased; (2) that it is excessive, and (3) that the court erred in giving the first instruction given at his request.

The evidence in the case shows that deceased died intestate leaving no widow or descendants, but only collateral kinsmen as his heirs; that he owned a seventy-seven acre farm in Macoupin County at the time of his death, on which he had lived for many years; that Oliver Morrow is the husband of Rebecca Morrow, and she is a niece of the deceased; that Oliver Morrow and his wife had an established home in Greene County before they moved on the farm of the deceased; that about eighteen years before his death he desired the Morrows to come and live on his farm and that at his request they came and lived with him until his death.

The evidence also shows that Oliver Morrow did make very considerable improvements on the farm during the last five years of Lumsden's life. In 1908, he built a large corn crib, a wagon shed, and a chicken house that would reasonably cost from $1,000 to $1,200. The estate filed a set-off for rent of the farm for five years. A witness, Hugh Dikis, testified that Lumsden told him in August, 1910, that he got his rent, four dollars an acre. The jury could appear to have

allowed the rent of the year 1910 as a set-off against the costs of the improvements. When all the evidence in the case bearing on the claim of Oliver Morrow is considered we cannot say that the judgment in his favor is manifestly against the weight of the evidence.

The instruction given at the request of Oliver Morrow, that appellant contends is erroneous, states that proof that Morrow used and occupied the farm cast upon him the burden of showing payment for such use and occupation and that the law does not require him to show such payment by direct evidence, but that it is sufficient if the jury believe from the evidence, and facts, and circumstances in evidence, that such payment was made. Appellant states there was no evidence in the record to show any payment on rent. The evidence of the witness, Dikis, concerning the statement made by Lumsden in 1910, was a sufficient basis for giving the instruction and there was no error in giving it.

The issue whether Rebecca Morrow was a member of the family of Lumsden or she performed the services in boarding and caring for him expecting compensation, and he received such services expecting to pay for them, is a question of fact to be decided from a consideration of all the evidence.

The evidence shows that before going to Lumsden's the claimant had a home and family interests of her own; and that he was anxious to have her come and care for him. No family relation existed except the relation of uncle and niece. Lumsden told Mrs. Dikis, "I don't see why Becky and Oliver won't come and live with me," and repeated the same thing to claimant in Mrs. Dikis' presence. This tends to show that claimant went to look after him at his request. In 1908, Lumsden told William Boyd, when he was working for Morrow, that "Bud and his wife treat me good, I intend them to reap a reward afterwards and intend them to get the farm afterwards." He also told S. E. McCormick that he intended them to have

the farm. During the last years of Lumsden's life he was very feeble, he was paralyzed to such an extent that he was entirely helpless during the last two months of his life, and had no control over his passages. During the last two years of his life he was so feeble that he had to have an attendant if he went away from home. The fact that the deceased charged Morrow four dollars an acre for the farm also rebuts the contention that the family relation existed between claimants and the deceased. The evidence tends to show that when the services were rendered, both parties expected them to be paid for and that claimant did not perform the services as a member of the family of deceased; we cannot say a verdict in favor of the claimant is manifestly against the evidence.

The evidence shows that the board and washing was worth four dollars a week, and the nursing while he was paralyzed was worth from fourteen to twenty-five dollars a week. The claimant was entitled to $1,040 for board and washing for five years, that being the full amount claimed for such services. During the time the deceased was paralyzed prior to his death, the claimant rendered to the deceased all the services of a nurse and also services that a nurse would not perform. Before that time the evidence shows he got around reasonably well for an aged man and only required an attendant when he went from home. The jury allowed $1,335 for nursing. This allowance cannot be sustained by the evidence. We are of the opinion that the judgment in her favor is clearly excesssive, and that the sum of $1,500 would be all that she is entitled to recover for board, washing and nursing.

The first instruction given for the claimant undertook to define what is meant by "family relations," and defined it as that state or condition of affairs which makes it the moral duty of the person performing such services to perform or make the same without compensation. The instruction is not a peremptory

one and while it is very imperfect in its definition, the second instruction given for the defendant fully supplements it so that the jury were fully and fairly instructed on that question and the giving of the instruction was not reversible error.

The circuit court in rendering judgments on the verdicts failed to classify them as required by the Administration Act, and also erroneously awarded executions on the judgments. The appellant however has not raised any question as to the classification or the awarding executions, either by assignment or error or in argument. All errors not raised are waived. The judgments will be modified in this court by making them of the seventh class and ordering the judgments paid in due course of administration.

The judgment in favor of Oliver Morrow is affirmed as modified and the judgment in favor of Rebecca Morrow will be affirmed for the sum of $1,500, as above modified, provided she remits down to that sum within ten days, otherwise it will be reversed because it is excessive. The costs of this appeal to be paid one-half by Rebecca Morrow and the remaining half by the administrator in due course of administration.

*Judgment of Oliver Morrow affirmed as modified.*

*Judgment of Rebecca Morrow affirmed as modified on remittitur.*